Tucker, P.
This is an action of covenant, brought by a lessee for life against his lessor, for evicting him from the possession. There is a demurrer to the declaration, and the covenant itself being no part of the record, the simple question is, whether the declaration sufficiently sets forth an express or implied covenant for quiet enjoyment.
To maintain the affirmative, the counsel for the plaintiff in error has contended that a covenant for quiet enjoyment is implied from the very words of the lease, *448 “ that the said Gilmore did lease and rent to the said Black a certain tract of land, to have and to hold &c.” And if this- were a lease for years, it would be very certain that these words would import an agreement that Black should possess, and that an eviction would be a breach of that agreement. For a lease for years is looked upon in the law, less as'a conveyance of an estate, than as a contract for the possession; 2 Black. Com. 141-144. And hence it is obvious, that in leases for years, the words lease and demise are used as words of contract rather than as words of transfer, and, as such, import a covenant that the lessee should possess and enjoy. But in a lease for life, it is otherwise. That is the creation of an estate of freehold, not a mere contract for the possession. The words of lease and demise are therefore used as words of conveyance, and not of covenant; and although, if accompanied by the word dedi, or if rent be reserved in the lease, a warranty is implied, a covenant never was. Hence it is, that as long ago as the reign of Henry 6. it was decided that “if a man lease lands for life by deed, and after-wards put his lessee out of possession, the lessee shall not have a writ of covenant against him, but an assize.” Fitzh. Nat. Br. 145. “ Sed aliter of a lease for years.” Ibid, in note. And it has also been held in England, for centuries, that upon the eviction of a freehold, no action of covenant will lie upon a warranty in deed or in law; but in case of a lease for years, upon eviction, there can be no other remedy. Bac. Abr. Covenant. C. ad finem. Pincombe v. Rudge, Yelv. 139. S. C. Hob. 4. Accordingly it has become the course of conveyancing, always to insert a covenant for quiet enjoyment where that is contracted for. Bac. Abr. ubi supra. Now, it would be a fraud upon any party, at this day, to give to the words of his contract an interpretation and extension, of which for centuries they were declared not to be susceptible. The principle stare decisis is in these *449 matters not merely proper, but xt is vital; since counsel , i , . . advise, and conveyancers proceed, and parties contract, with reference to the declared construction of the language of an instrument. It is sufficient therefore to say, that according to the established course of decisions, no covenant for quiet enjoyment is implied by words of lease and demise in the conveyance of an estate of freehold. Modern decisions, indeed, have wisely leaned to the narrowing, rather than to the extension, of implications; and notwithstanding some loose expressions of lord iEldon and justice Butter in 2 Bos. & Pull, 21. 2G. and of lord Ellenborough in Barton v. Fitzgerald, 15 East 528. (which arc justly questioned by Kent, C. J. in 2 Gaines’s Cas. 188. and by Platt in his work on covenants, p. 22.) the general principle is now well understood, that the vendee who does not take proper covenants for his security, must lie down under the consequences of his own negligence or want of forecast.
It is said, however, that in every lease for life reserving rent, a warranty is implied; and upon this foundation the counsel has endeavoured to rest his case. It cannot, however, serve his purpose. We are all clearly of opinion that the case, as set forth in the declaration, does not, with needful precision, shew a lease reserving rent. The reservation of rent is attempted to be implied from the use of the expression “ rented.” But in this connexion, the reservation of rent is not necessarily implied from the use of the term. It is merely used in the looser sense of “ leased or demised.” If the pleader had designed to bring himself within the principle now relied upon, be ought to have set out the reservation distinctly, that the court might as distinctly have seen that the lease was one from which a warranty was implied. He has not done so, and the principle therefore cannot apply.
If, however, the declaration were not defective in this regard, still the action would not lie. Admit the implied *450 warranty, yet, as we have already seen, covenant does not lie upon it. Fitzh. 145. Yelv. 139. Nor, indeed, would the warranty itself afford a protection to the lessee against this wrong. His remedy for an eviction by his landlord is trespass or ejectment. He is at this moment at liberty to recover back his estate for life from Gilmore, if he has not broken its conditions. And what is more, if the judgment in his favour were affirmed, it would be no bar to his recovery (Yelv. 139.); so that he would get a double recompense. His remedy, then, is complete; but it is not a remedy upon the warranty. The remedy upon the warranty is a remedy given against the lessor, when the lessee is evicted by better title and by right. It does not exist where the eviction is by wrong and without title. It cannot, then, be appropriate to the eviction by the lessor himself, which is by wrong and without title. As, therefore, the remedy upon the warranty is inappropriate to the case, the action of covenant would not lie, even if we admit that in Virginia the remedy by covenant has taken the place of the warrantia chartce: for it certainly could not be extended farther than the remedy for which it is the substitute.
Upon the whole, I am of opinion to affirm the judgment.
The other judges concurred. Judgment affirmed.